UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARYLYN MELDER, ET AL.                           CIVIL ACTION

VERSUS                                           NUMBER: 03-2499

STATE FARM FIRE AND CASUALTY COMPANY             SECTION: "A"(5)


ORDER

The following constitutes the ruling of the Court on plaintiffs' Motion for Sanctions and Contempt. (Rec. doc. 200).

Earlier on in this case, plaintiffs propounded discovery upon State Farm which included the following:

REQUEST FOR PRODUCTION NO. 3:

Please produce copies of any and all documents indicating any prospective customers for homeowner's or automobile insurance who were declined insurance based on credit score(s), insurance score, economic condition of the customer and/or race for the period 1993 to date.

REQUEST FOR PRODUCTION NO. 4:

Please produce the algorithm, the software on which the algorithm operates and all component parts of the algorithm and software used to determine whether to sell insurance to any of your customers or prospective customers for

> automobile and/or homeowner's insurance for the period 1993 to date.

(Rec. doc. 187-4, p. 10).

State Farm responded to the two document requests as follows:

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

> State Farm objects to this request as vague in that it does not define "economic condition" and is not reasonably calculated to the lead to the discovery of relevant information. Subject to and without waiving those objections, State Farm states that it does not decline customers based on race. Finally, State Farm did not use the insurance score to decline any prospective customer because of score alone.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

> State Farm objects to this request as it seeks information not related to the named plaintiffs' individual claims or class certification. State Farm further objects that the interrogatory seeks proprietary, trade secret information.

(Rec. doc. 187-4, pp. 29-30).

Dissatisfied with State Farm's responses, plaintiffs brought a Motion to Compel before Magistrate Judge Wilkinson, to whom the case had been assigned at the time, who ruled, in pertinent part, as follows:

> Plaintiffs' motion is granted in part as to Request for Production No. 3. State Farm's objections have been waived and are otherwise overruled. State Farm does not make any specific argument in its memorandum about this request. Its response to the request does not address two of the listed criteria, economic condition and credit score, and is evasive concerning whether it used the insurance score

2

> in conjunction with other factors to decline coverage. Defendant must supplement its response to clarify whether it has documents responsive to those issues. If it has no responsive documents, it must supplement its response to say so c
>
> Plaintiffs' motion is granted in part as to Request for Production No. 4. State Farm's objection that the request seeks proprietary, trade secret information has been waived and is otherwise overruled. Defendant's objection that this request exceeds the limited scope of discovery is sustained. However, State Farm must supplement its response to identify specifically the Insurance Risk Score Models, algorithms and underwriting manuals which, according to State Farm's memorandum, it has already produced in response to this request and to state that it has no other responsive documents, if that is accurate.
>
> (Rec. doc. 192, pp. 8-9)(footnote omitted).

Following Magistrate Judge Wilkinson's ruling, State Farm supplemented its responses to plaintiffs' two document requests in the following fashion:

<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:</u>

> To the extent those objections have not been overruled, State Farm maintains the objections originally asserted to this request. Subject to those objections and in compliance with the Order on Motion, Rec. doc. 192, State Farm states that it does not decline prospective customers based on race, economic condition, FICO credit score or any credit score assigned by Equifax, Experion or Trans Union. While State Farm uses information contained in credit reports to help assess insurance risk in accordance with its Insurance Scoring Models, State Farm does not use the Insurance Scoring Model or score to evaluate credit worthiness. See also State Farm's response to Plaintiffs' First Interrogatory no. 3 for an explanation of the models.

As previously explained, State Farm's insurance risk scores have been used along with many other factors, to help determine eligibility for coverage.  During the period March 2000 to the present, an automobile insurance risk model was used along with many other factors to help determine eligibility for automobile insurance coverage in State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.  In accordance with Louisiana Revised Statute 22:1484, which prohibits insurers from denying coverage solely on the basis of credit information, State Farm does not decline any prospective customer because of insurance score alone.  The State Farm underwriting guidelines produced to Plaintiffs identifies the combination of factors that were used to evaluate insurance risks at each time period to determine whether to decline insurance coverage.

From April 2001 through March 2002, a homeowner's insurance risk model was used along with many other factors to help determine eligibility for homeowner's insurance coverage in State Farm Fire and Casualty Company.  During that limited period, State Farm's use of credit information in the homeowners Insurance Risk Score model did not produce any denials of coverage based on credit information alone.  Indeed, as explained in State Farm's response to Plaintiffs' First Interrogatory No. 3, the model was used to attempt to qualify persons who were not eligible based on other insurance risk factors used by State Farm such as prior claims. Again the State Farm underwriting guidelines for homeowners' policies for that period have been produced as MELD0000009PROD-48PROD, MELD000000665PROD-66PROD and MELD00000068PROD-71PROD, MELD0000001PROD-10PROD, MELD00000049PROD-64PROD, MELD00000067PROD and MELD00000072PROD.

State Farm resumed the use of a homeowner's Insurance Risk Score model in 2007 to help determine eligibility for coverage in State

4

>Farm Fire and Casualty Company. In accordance with Louisiana Revised Statute 22:1484, which prohibits insurers from denying coverage solely on the basis of credit information, State Farm does not decline any prospective customer because of insurance score alone. The State Farm underwriting guidelines produced to Plaintiffs identifies the combination of factors that were used to evaluate insurance risks at each time period to determine whether to decline insurance coverage.
>
>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
>
>RESPONSE REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3 (sic):
>
>To the extent those objections have not been overruled, State Farm maintains the objections originally asserted to this request. Subject to those objections and in compliance with the Order on Motion, Rec. doc. 192, algorithm and Insurance Risk Score Models were previously produced and marked for Identification as MELD0000009PROD-48PROD, MELD000000665PROD-66PROD and MELD00000068PROD-71PROD, MELD00000001PROD-10PROD, MELD00000049PROD-64PROD, MELD00000067PROD and MELD000000072PROD. The underwriting guidelines were previously produced and marked for identification as MELD000000107-1561.
>
>                    (Rec. doc. 200-3, EX. A,
>                     pp. 2-4).

Through its original and supplemental responses, State Farm has indicated that it does not decline prospective customers insurance coverage "... based on race, economic condition, FICO credit score or any credit score assigned by Equifax, Experion or Trans Union." That being the case, it follows that State Farm has no documents bearing on that issue. State Farm did, however,

identify its underwriting guidelines in an effort to assist plaintiffs in understanding the process that is used to evaluate insurance risks.

At the initial hearing on plaintiffs' Motion for Sanctions and Contempt, counsel essentially attempted to reform the language used in Request No. 3 to seek credit leads purchased from third-party vendors which were purportedly used to limit the pool of individuals to whom solicitations were sent. That, however, is not what the original request asked for. As used in its ordinary sense and meaning, a formal "declination" of insurance coverage can only occur after there has been a formal application for insurance coverage. The fact that State Farm may have chosen to solicit business from some individuals but not others does not mean that the solicited individuals are guaranteed coverage, that the solicited individuals will even apply for coverage, or that non-solicited individuals are precluded from applying for coverage or are declined coverage based on their non-solicitation.

In short, State Farm's supplemental responses to Request Nos. 3 and 4 more than fully complied with Magistrate Judge Wilkinson's order so as to make sanctions and a finding of contempt inappropriate. If plaintiffs are desirous of obtaining pre-application process information they now appear to be seeking, they should propound additional written discovery specifically tailored to that information. Alternatively, plaintiff may wish to take the

6

Rule 30(b)(6) deposition of State Farm to explore what it does with leads information.  Plaintiffs' Motion for Sanctions and Contempt is hereby denied.

New Orleans, Louisiana, this 29th day of    February    , 2008.

```
                              _____
                                   ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE
```